IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEANDRE WHYTE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1303-X-BN |
| | § | |
| JOHN COLLINS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Deandre Whyte filed a *pro se* complaint seeking $15 million in damages but alleging few (if any) facts to suggest an entitlement to relief. *See* Dkt. No. 3. Whyte also moved for leave to proceed *in forma pauperis* (IFP). *See* Dkt. No. 4. And United States District Judge Brantley Starr referred this Whyte's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Whyte's IFP motion, and, after setting out the pleading standards substantially repeated below – to provide Whyte notice and to allow her an opportunity to state her best case – the Court ordered Whyte to file an amended complaint. *See* Dkt. No. 7.

Whyte filed a timely amended complaint. *See* Dkt. No. 8. But that amended pleading stops short of showing that the defendant is liable for the misconduct that Whyte alleges. So the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the amended complaint with

prejudice.

## Discussion

28 U.S.C. § 1915(e)(2) authorizes the Court to dismiss a complaint filed IFP if it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). The pleading requirements as set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), therefore apply to the Court's screening of a complaint filed IFP.

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v.*

*Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

But, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal under Section 1915(e)(2)(B)(ii), plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

Whyte's amended complaint cites two provisions of federal law, 12 U.S.C. §§ 411 and 93, and names one defendant, represented to be the Chief Financial Officer of Navy Federal. *See* Dkt. No. 8 at 1, 2. And she premises that defendant's liability on her accepting, endorsing, and mailing to the defendant "a presentment from Navy

Federal for account ending in #0829." *Id.* According to Whyte, the defendant failed to respond, so, because she "complied with obligations for keeping the account in good standing," while "Defendant breached for non-performance of fiduciary duty obligations for the account," "Defendant breached the contract with Plaintiff." *Id.* at 2-3. So, Whyte concludes, she is entitled to "a civil money penalty of $15,0000,000.00." *Id.* at 3.

Section 93 "provides that directors of a national banking association are liable if they knowingly violate or permit any of the officers, agents, or servants of the association to violate any of the provisions of the National Banking Act" (NBA). *Fidelity Bank Nat'l Ass'n v. Aldrich*, No. 3:95-cv-2556-H, 1998 WL 120296, at *3 (N.D. Tex. Mar. 5, 1998). But there is no private cause of action under this provision of the NBA. *See, e.g.*, *Smith v. HSBC Bank*, No. 3:15-cv-94-P, 2015 WL 12911463, at *3 (N.D. Tex. Aug. 6, 2015), *appeal dismissed as modified*, 669 F. App'x 224 (5th Cir. 2016) (per curiam).

Similarly, Section 411 is a provision of the Federal Reserve Act, "which governs the issuance and redemption of Federal Reserve notes" and "imposes penalties on banks for an array of misconduct," but "the imposition of civil penalties under Section 29[ of the Federal Reserve Act, 12 U.S.C. § 504,] is carried out by federal officials, and private individuals do not have a private right of action to enforce Section 29 of the Federal Reserve Act." *Harp v. Police & Fire Fed. Credit Union*, Civ. A. No. 23-2577, 2023 WL 5152625, at *4 (E.D. Pa. Aug. 10, 2023) (citation omitted); *see also In re Tipton*, No. 3:22-mc-0004, 2022 WL 1028026, at *2 (S.D. Tex. Apr. 6, 2022) ("12 U.S.C.

§ 411, titled 'Issuance to reserve banks; nature of obligation; redemption,' governs the issuance of Federal Reserve notes and delegates to the Federal Reserve System the power to make clear that such notes are authorized currency of the United States" but "does not provide a private cause of action." (citation omitted)).

So Whyte may not prevail under the federal statutes that she cites. Nor do the facts alleged in the amended complaint otherwise plausibly show that the defendant is liable to Whyte for the harms that she alleges.

And, because further amendment of Whyte's claims would be futile, for the reasons set out above, the Court should now dismiss the amended complaint – and this lawsuit – with prejudice.

## Recommendation

The Court should dismiss the amended complaint with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 14, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE